UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Oneal Woods,<br><br>      Petitioner,<br><br>v.<br><br>Denese Wilson, Warden,<br><br>      Respondent. | Case No. 15-cv-0623 (ADM/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the undersigned United States Magistrate Judge on petitioner Oneal[1] Woods's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241 [Doc. No. 1]. The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Woods's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Based on that review, this Court recommends dismissal of this action.

---

[1] It is unclear whether petitioner's first name is "Oneal" or "O'Neal." Woods is listed on the docket of his criminal cases as the former, but he is listed on the federal inmate locator maintained by the Federal Bureau of Prisons as the latter. Both spellings have been used over the years in various court documents. The Court will refer to the petitioner as "Woods."

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Woods seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

I.   **BACKGROUND**

In November 1995, Woods was indicted in two separate cases in the United States District Court for the Eastern District of Wisconsin.  In the first case, Woods was indicted on one count of knowingly and intentionally possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  *See United States v. Woods*, 2:95-CR-00187-JPS-1 (E.D. Wis. Indictment filed Nov. 7, 1995) ("*Woods I*").  Woods proceeded quickly to trial in that case, where a jury found him guilty of committing the offense.

One week after the indictment was filed in the first case, Woods was indicted in a second case in the Eastern District of Wisconsin on one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and one count of knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  *See United States v. Woods*, 2:95-CR-00194-RTR-4 (E.D. Wis. Indictment filed Nov. 14, 1995) ("*Woods II*").  Woods initially pleaded guilty to the offenses charged in the second case a few days after his trial for cocaine possession ended, apparently on the understanding that the government would recommend that any sentence imposed for the bank-robbery and firearm convictions should run concurrent to the sentence for cocaine possession imposed in the other case.  *See Woods v. Smith*, 410 F. App'x 984, 985 (7th Cir. 2011) (per curiam).

Not long thereafter, though, Woods sought to withdraw his guilty plea in the second case.  His request was granted, and on April 11, 1996, Judge Joseph Peter Stadtmueller (who was assigned to both cases and had presided over Woods's drug-possession trial) simultaneously (1) permitted Woods to withdraw his guilty plea to the

2

bank-robbery and firearm charges and (2) sentenced Woods to a 175-month term of imprisonment for the drug-possession conviction. As the bank-robbery and firearm prosecution progressed, Woods appealed the judgment entered on the drug-possession conviction on the grounds that certain evidence introduced at trial should have been suppressed. The Seventh Circuit Court of Appeals rejected this argument and affirmed the judgment in the first case. *See United States v. Woods*, 99 F.3d 1142 (7th Cir. 1996) (unpublished table disposition).

After granting Woods's motion to withdraw the guilty plea, Judge Stadtmueller recused from the second case, and the matter was reassigned for trial to Judge Rudolph T. Randa. In January 2007, Woods was found guilty by a jury on both counts. Judge Randa sentenced Woods to a 110-month term of imprisonment on the bank-robbery count and a 60-month term of imprisonment on the firearm count, with those terms to be served consecutively. In addition, Judge Randa ordered that the *entire* 170-month term of imprisonment be imposed consecutively to the 175-month term of imprisonment handed down by Judge Stadtmueller in the drug-possession case. This conviction was also affirmed by the Seventh Circuit. *See United States v. Woods*, 148 F.3d 843 (7th Cir. 1998).

Over the past two decades, Woods has unleashed a whirlwind of litigation in the federal courts challenging the validity of the judgments entered in those cases. Woods has filed at least two motions under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed in the drug-possession case, *see Woods I* [Doc. Nos. 63, 159]; at least two more motions under § 2255 in the bank-robbery case, *see Woods II* [Doc. Nos. 208,

304]; countless other miscellaneous motions for collateral relief in the Eastern District of Wisconsin, most of which have been construed as additional motions under § 2255 and dismissed for lack of jurisdiction under § 2255(h) as second or successive, *see Woods I* [Doc. Nos. 88, 160, 161, 163, 167, 169, 173, 182]; *Woods II* [Doc. Nos. 266, 289, 306, 308, 314]; and at least five documents properly construed as petitions for a writ of habeas corpus under § 2241, *see Woods v. Smith*, No. 08-1383, 2009 WL 1097789 (C.D. Ill. Apr. 21, 2009) (habeas petition dismissed without prejudice for failure to exhaust administrative remedies); *Woods v. Smith*, No. 09-1307, 2010 WL 786002 (C.D. Ill. Mar. 4, 2010) (habeas petition dismissed on merits); *Woods v. Smith*, No. 09-1307, 2010 WL 1416860 (C.D. Ill. Apr. 1, 2010) ("motion for reconsideration" of dismissal of habeas petition denied); *Woods v. Coakley*, No. 4:13 CV 1388, 2013 WL 3818163 (N.D. Ohio July 22, 2013) (habeas petition dismissed on merits); *Woods v. Coakley*, No. 4:13 CV 1299, 2013 WL 6002447 (N.D. Ohio Nov. 12, 2013) (habeas petition dismissed on merits). Not one of these various motions for relief under § 2255 or habeas petitions under § 2241 has proved successful.

Undaunted by this losing streak in other districts, Woods has seized upon his recent transfer to a prison located in the District of Minnesota as an opportunity to file yet another habeas petition. Woods's arguments are somewhat difficult to follow, but he raises two main challenges against his continued incarceration. First, Woods argues that the withdrawal of his plea of guilty to the bank-robbery and firearm charges amounted to an acquittal of those charges, and thus his subsequent conviction on those charges after the purported "acquittal" violated the Double Jeopardy Clause of the Fifth Amendment.

4

Second, Woods argues that Judge Stadtmueller intended to impose a 175-month term of imprisonment covering *all three* convictions, and thus his continued incarceration beyond that 175-month term[3] exceeds the sentence actually imposed. Woods requests his immediate release from prison as a result of these alleged violations.

## II.   ANALYSIS

This Court must first address whether Woods has chosen the proper procedural vehicle to raise his claims for relief. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *accord* 28 U.S.C. § 2255(e) (known as "the exclusive-remedy rule"). In contrast, while a challenge to the *imposition* of a sentence must generally be raised under § 2255, a federal prisoner must challenge the *execution* of his sentence through a habeas petition under § 2241. *See Deroo v. United States*, 709 F.3d 1242, 1244-45 (8th Cir. 2013). The question, then, is whether Woods is currently challenging the imposition of his sentence or the execution of it. If the former, his challenge must be brought under § 2255 in the district of sentencing (the Eastern District of Wisconsin); if the latter, his challenge must

---

[3] Woods's 175-month sentence for drug possession was reduced in 2008 to 140 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2), following amendments to the United States Sentencing Guidelines that affected the recommended sentence for Woods's offense. *See Woods I* [Doc. No. 117]. The sentence was further reduced in 2012 under § 3582(c)(2) to 120 months' imprisonment, following further changes to the Guidelines. *See Woods I* [Doc. No. 142]. These downward revisions are immaterial to the Court's consideration of the present petition.

be brought through a habeas petition in the district of incarceration (currently, the District of Minnesota).

As explained above, Woods raises two challenges in his § 2241 habeas petition to his continued incarceration. Woods's first challenge—an allegation that the convictions and sentences imposed for bank robbery and use of a firearm during a crime of violence violate the Double Jeopardy Clause—is a challenge to the *imposition* of sentences. Woods does not argue that a mistake has been made in carrying out the sentences imposed for those crimes; rather, he argues that the sentences could not have been lawfully imposed at all. Under the exclusive-remedy rule, this challenge must be raised via § 2255 in the Eastern District of Wisconsin, where he was sentenced, or, more accurately, in a request to the Seventh Circuit Court of Appeals to file a second or successive motion under § 2255. *See* 28 U.S.C. § 2255(h)).

There is one extremely limited exception to the general rule that federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition. Prisoners may raise such a challenge in a petition for a writ of habeas corpus if the prisoner can demonstrate that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v.*

*Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

The United States Supreme Court has not adopted a specific test for when a prisoner may invoke the savings clause, but several circuit courts have established such tests. Those tests almost always require that, where a petitioner seeks to invoke the savings clause, the petitioner must show (among other things) that he seeks to apply a new rule of law. *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner establish that "the new rule . . . applies retroactively on collateral review . . . ."). Far from being premised on a new rule of law, Woods's challenge to the bank-robbery and firearm convictions is premised on the venerable Double Jeopardy Clause. Because there is no new rule of law at issue, Woods's challenge could have been raised previously in a motion under § 2255. Accordingly, Woods cannot raise the challenge in a habeas petition by relying on the savings clause. Accordingly, this aspect of Woods's habeas petition should be dismissed without prejudice for lack of jurisdiction.[4]

---

[4] The Court acknowledges that a challenge to a sentence or conviction improperly brought through a habeas petition may be transferred to the appropriate court for consideration as a motion under § 2255. There are myriad reasons not to transfer this aspect of Woods's habeas petition, however. First, any motion brought by Woods under § 2255 would be untimely. *See* 28 U.S.C. § 2255(f) (setting one-year limitations period for motions under § 2255). Second, Woods has already filed at least two motions under § 2255 in each of his criminal cases, and the argument raised in his habeas petition meets neither of the conditions set forth in § 2255(h) for second-or-successive motions. Third, his argument is meritless. *See, e.g.*, *United States v. Hunter*, No. 97-10219, 1998 WL 340332, at *1 (9th Cir. 1998) ("As a general rule, the mere fact that a defendant enters a guilty plea, withdraws it, and is then retried on the same offense is not a double jeopardy

Woods's second challenge—that the sentence imposed for his drug-possession conviction was intended by the sentencing judge to cover all three of his convictions—is aimed at the execution of his sentence. Woods is arguing, in essence, that the Federal Bureau of Prisons is misreading the sentencing documents by construing those documents as imposing consecutive sentences. This challenge is properly brought in a petition for habeas relief, and thus is properly before this Court.

With that said, however, Woods has raised this challenge repeatedly in previous habeas petitions. Several courts have already explained to Woods—clearly, repeatedly, and in no uncertain terms—that his argument that the 175-month sentence imposed by Judge Stadtmueller was intended to cover all three convictions is incorrect. *See, e.g.*, *Woods v. Smith*, 2010 WL 786002, at \*2 ("In sum, there is simply no indication that the terms of imprisonment for case no. 95-CR-187 (imposed by Judge Stadtmueller) and 95-CR-194 (imposed by Judge Randa) are running concurrently."); *United States v. Woods*, No. 95-CR-187, 2010 WL 1664930 (E.D. Wis. Apr. 21, 2010) ("He further believes that since the period of imprisonment imposed in 95-CR-187 has expired, the court must order his immediate release. Woods is wrong."). This Court now joins the chorus informing Woods that there is no support whatsoever in the record for his claim that the 175-month term of imprisonment imposed for drug possession was intended also to cover his convictions for bank robbery and firearm use. The later convictions and sentences were imposed in entirely separate prosecutions, before an entirely different

---

violation."). Because this aspect of Woods's habeas petition would be summarily dismissed if it were transferred, this Court recommends against transfer.

judge (at the time of sentencing), and over a full year after Woods was sentenced for drug possession. In fact, the judgment entered in the drug-possession case, which Woods offers as an exhibit putatively in support of his argument, makes clear that *only* the drug-possession count was being considered by Judge Stadtmueller at the time of sentencing. [*See* Doc. No. 1-1 at 2]. Accordingly, this aspect of Woods's habeas petition should be dismissed on the merits.

There is an additional reason to deny habeas relief in this case, as well. The abuse-of-the-writ doctrine prohibits federal inmates from filing "abusive" habeas petitions. *See Boardley v. Grondolsky*, 343 F. App'x 837, 839-40 (3d Cir. 2009) ("The Supreme Court has held that the abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions or from raising new issues that could have been raised in an earlier petition.") (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)); *see also* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."). Woods's repeated litigation of non-meritorious issues across several federal districts is an archetypal abuse of the habeas petition. These tactics alone would be reason enough to deny Woods's habeas petition and dismiss this action.

Two final matters merit comment. First, having recommended that this action be summarily dismissed, the Court will further recommend that Woods's pending

application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, a certificate of appealability is not needed to appeal the denial of a habeas petition brought by a federal prisoner. *See* 28 U.S.C. § 2253(c). However, a litigant may not proceed IFP on appeal if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and thus cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The issues raised in Woods's habeas petition have been litigated repeatedly, and the Court finds there is not a good-faith basis for re-raising these issues yet again. Accordingly, this Court recommends that any request by Woods for IFP status on appeal be denied.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Woods's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**.

2. This action be **DISMISSED IN PART WITHOUT PREJUDICE FOR LACK OF JURISDICTION** and **DISMISSED IN PART WITH PREJUDICE ON THE MERITS**, as set forth fully in the body of this Report and Recommendation.

3. Woods's application to proceed *in forma pauperis* [Doc. No. 2] be

    **DENIED**.

4. Any appeal be certified as not taken in good faith pursuant to 28 U.S.C.

    § 1915(a)(3), should Woods apply to proceed *in forma pauperis* on appeal.


Dated: March 6, 2015            s/ *Hildy Bowbeer*
                                             HILDY BOWBEER
                                             United States Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 24, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.