UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Oneal Woods,

                      Petitioner,

     v.

Denese Wilson,

                      Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 15-623 ADM/HB

___

Oneal Woods, *pro se*.

Ana H. Voss, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondent.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Oneal Woods's ("Woods") Retroactive Amendment to the Objection [Docket No. 5] ("Amended Objections") to Magistrate Judge Hildy Bowbeer's March 6, 2015 Report and Recommendation [Docket No. 3] ("R&R"), Motion for Summary Judgment [Docket No. 8], and Motion for Default Judgment [Docket No. 11]. Judge Bowbeer recommends that Woods's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241[Docket No. 1] ("2241 Petition") be summarily dismissed. After a thorough de novo review of the record and for the reasons stated below, the R&R is adopted and Woods's Summary Judgment and Default Judgment Motions are denied as moot.

## II. BACKGROUND

In 1995, Woods was indicted in the Eastern District of Wisconsin on one count of knowingly and intentionally possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

R&R at 2; See United States v. Woods, 2:95-CR-00187-JPS-1 (E.D. Wis. Indictment filed Nov. 7, 1995) ("Woods I").

A week later, Woods was again indicted in the Eastern District of Wisconsin on two counts: (1) bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and (2) knowingly using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). R&R at 2; See United States v. Woods, 2:95-CR-00194-RTR-4 (E.D. Wis. Indictment filed Nov. 14, 1995) ("Woods II"). Woods was convicted by a jury in Woods I and pled guilty to the counts in Woods II.

Shortly thereafter, Woods moved to withdraw his guilty pleas in Woods II. On April 11, 1996, Judge Joseph Stadtmueller[1] granted Woods's request to withdraw his guilty pleas in Woods II and sentenced Woods to 175 months imprisonment for the drug possession conviction in Woods I.[2] Pet. [Docket No. 1] Ex. 1. Woods appealed his conviction in Woods I to the Seventh Circuit, arguing that the District Court erred in failing to suppress certain evidence. The Seventh Circuit upheld the judgment. See United States v. Woods, 99 F.3d 1142 (7th Cir. 1996) (unpublished opinion).

Judge Stadtmueller later recused from Woods II and the case was reassigned to Judge Rudolph T. Randa for trial. A jury found Woods guilty in aiding and abetting the bank robbery and use of a firearm during the course of the robbery. Judge Randa imposed a 110-month sentence of imprisonment for the bank robbery count and a 60-month consecutive term of imprisonment for the firearm count. Judge Randa also ordered that the entire 170-month sentence for Woods II should be served

---

[1] Judge Stadtmueller was assigned to both cases and presided over the drug possession trial in Woods I. R&R at 2.

[2] The 175-month sentence for drug possession was subsequently reduced in 2008 and again in 2012 pursuant to 18 U.S.C. § 3582(c)(2). The sentence now stands at 120 months.

2

consecutively to the 175-month term of imprisonment in Woods I for drug possession. The Seventh Circuit again affirmed the conviction. See United States v. Woods, 148 F.3d 843 (7th Cir. 1998).

As noted by Judge Bowbeer, "[o]ver the past two decades, Woods has unleashed a whirlwind of litigation in the federal courts challenging the validity of the judgments entered in those cases." R&R at 3. The R&R provides a detailed overview of this litigation which is incorporated here by reference. Woods has filed at least two § 2255 motions in both Woods I and Woods II and has additionally filed numerous other § 2255 and § 2241 actions in the Eastern District of Wisconsin, Central District of Illinois, and Northern District of Ohio.

Woods was recently transferred to a correctional institution within the District of Minnesota and has now filed the instant § 2241 habeas petition. Woods's arguments are somewhat challenging to comprehend. Consistent with Judge Bowbeer's understanding, Woods raises two grounds for relief in the present petition. First, Woods asserts that because his plea agreement for the bank robbery and firearm counts in Woods II was set aside, the subsequent conviction in Woods II for these counts violates the Fifth Amendment's Double Jeopardy Clause. Second, Woods maintains that the 175-month sentence imposed by Judge Stadtmueller in Woods I was in fact a sentence for the convictions on all three counts in Woods I and Woods II and therefore any incarceration exceeding 175-months is improper.

## III.  DISCUSSION

### A.  Standard of Review

In reviewing an R&R, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

**B.  Woods's Grounds for Relief**

Woods brings his petition under § 2241 and the Court is therefore presented with the threshold question of whether Woods has properly asserted his claims under § 2241.  Ordinarily, a federal prisoner challenging the imposition of a conviction or sentence must raise such a challenge in a motion to vacate before the sentencing court through § 2255 motion.  See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration.");  Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) ("A federal inmate generally must challenge a conviction or sentence through a § 2255 motion.").  In contrast, when a federal prisoner is challenging the execution of his or her sentence, this challenge must be brought through a habeas petition under § 2241.  Deroo v. United States, 709 F.3d 1242, 1244–45 (8th Cir. 2013).

Judge Bowbeer correctly concluded that Woods's argument of being subjected to double jeopardy challenges the imposition of his sentence, whereas Wood's challenge related to his 175-month sentence for drug possession addresses the execution of his sentence.

**1. Double Jeopardy**

Although Woods's double jeopardy argument relates to the imposition of his conviction, a limited exception allows a federal court to hear a collateral challenge in a habeas corpus petition.  Under the "saving clause" exception of § 2255, a petitioner can maintain a validity challenge in a §

2241 habeas petition if he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his decision." 28 U.S.C. § 2255(e); see also Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). This requirement is jurisdictional, that is a court of incarceration has jurisdiction over a § 2241 petition challenging the validity of a conviction or sentence only if § 2255 is inadequate or ineffective. Morrison, 349 F.3d at 1091. Thus, Woods may not pursue his double jeopardy challenge in a § 2241 petition unless he affirmatively demonstrates that he qualifies under the "savings clause" of § 2255. Judge Bowbeer correctly concluded that he has not done so.

Although the United States Supreme Court has not articulated a specific test for determining when the savings clause is applicable, several circuit courts have established tests that include similar elements. Dunklin v. Wilson, No. 13-2411, 2014 WL 5464250, at *4 (D. Minn. Oct. 27, 2014). Specifically, these courts have found that when a petitioner seeks to proceed under § 2255's savings clause, "the petitioner must (among other elements) show that he seeks to apply (1) a new rule of law that (2) has been found to apply retroactively." Id.

Woods seems to argue that the withdrawal of his guilty plea in Woods II equates to an acquittal and maintains that his subsequent conviction violated the Double Jeopardy Clause. Critically, however, Woods is not invoking a new rule of law in this challenge, but rather relies on the Double Jeopardy Clause. As such, no new rule of law is implicated. Woods cannot now assert this challenge in a § 2241 habeas petition because the savings clause is inapplicable. The Court lacks jurisdiction to evaluate this claim in a § 2241 petition and therefore it is dismissed without prejudice.[3]

---

[3] The Court declines to transfer this action to the Eastern District of Wisconsin for evaluation as a second or successive § 2255 motion for the reasons set forth by Judge Bowbeer in the R&R. See R&R at 7, n.4.

**2. Drug Conviction Sentence**

Next, Woods argues that the sentence imposed by Judge Stadtmueller in Woods I was intended to cover all three offenses (drug possession, bank robbery, and use of a firearm in the course of a violent crime). This argument is properly before the Court in the present § 2241 petition because it addresses the execution of his sentence (i.e., whether the Federal Bureau of Prisons is correctly interpreting his sentences in both Woods I and Woods II). Judge Bowbeer correctly concluded that this argument fails on the merits.

The record establishes that Judge Stadtmueller's 175-month sentence applies solely to Woods's conviction for drug possession in Woods I. Indeed, the Judgment unambiguously states that Woods was found guilty and faced imprisonment on Count 1 of the indictment for "possession with intent to distribute cocaine base." Pet., Ex. 1. It is equally clear from the Judgment that Judge Stadtmueller did not consider any other counts at the time of sentencing. Moreover, as Judge Bowbeer emphasized, numerous other courts have explained to Woods in great detail that the sentences imposed in Woods I and Woods II were for two distinct cases and these sentences are not running concurrently. See e.g. Woods v. Smith, No. 09-1307, 2010 WL 786002, at *2 (C.D. Ill. March 4, 2010) ("In sum, there is simply no indication that the terms of imprisonment for case no 95-CR-187 (imposed by Judge Stadtmueller) and 95-CR-194 (imposed by Judge Randa) are running concurrently."). Further, the Seventh Circuit explicitly addressed this argument on appeal from a § 2241 petition filed by Woods in the Central District of Illinois. As explained by the Seventh Circuit:

> [Woods] seems to believe that Judge Stadtmueller did not set aside his guilty pleas for the armed robbery and firearm offenses, and that he was wrongly sentenced for all the counts cumulatively. As Judge Mihm twice pointed out, Mr. Woods is mistaken. Mr. Woods chose to withdraw the guilty pleas and to have the bank robbery and firearm

charges tried.  Judge Stadtmueller honored that request, setting aside the pleas and imposing a 175-month sentence in case no. 95-CR-187 for the sole count in that case, the cocaine-possession charge.

Woods v. Smith, 410 Fed. Appx. 984, 986 (7th Cir. 2011).

Woods's 175-month sentence for possession with intent to distribute in Woods I is unequivocally running consecutively to Woods's 170-month sentence imposed in Woods II.  It is also indisputable that the sentence in Woods I was not intended to cover the counts of bank robbery and firearm possession in Woods II.  This ground for relief is therefore dismissed on the merits with prejudice.

**3. Woods's Objections**

Woods raises several objections to Judge Bowbeer's R&R.  See Amended Objections. Woods argues extensively that the judgment in Woods I was not final because the court failed to rule on an outstanding motion Woods brought in 1996 related to ineffective assistance of counsel. According to Woods, because no final judgment was actually entered in Woods I and the rules governing collateral challenges apply only to those cases where final judgment has been entered, Respondent cannot "execute" his sentence and he can properly assert this argument in a § 2241 petition.  This "nonfinal judgment argument," however, is baseless.  Judge Stadtmueller, the sentencing judge in Woods I, evaluated this argument in his October 2014 Order addressing the myriad of recent motions filed by Woods in Woods I.[4]  After thoroughly addressing the merits of Woods's nonfinal

---

[4] In several of his filings, Woods refers to Judge Stadtmueller "conceding" the judgment entered in Woods I is not final.  This is incorrect.  In his October 27, 2014 Order, Judge Stadtmueller summarized Woods's nonfinal judgment argument and concluded that it had no merit, stating that "the Court's decision to sentence the defendant indicated that this Court was 'really finished with the case.'" United States v. Woods, No. 95-CR-187, 2014 WL 5460441, at *3 (E.D. Wis. Oct. 27, 2014) (quoting United States v. Rollins, 607 F.3d 500, 501 (7th Cir. 2010)).

judgment argument, Judge Stadtmueller stated "even if the Court were to accept Woods' various arguments above, the absence of a ruling on Woods' motion is harmless. This is especially so given that he has raised essentially the same arguments in successive § 2255 petitions and they have been rejected by this Court and by the Seventh Circuit." United States v. Woods, No. 95-CR-187, 2014 WL 5460441, at *3 (E.D. Wis. Oct. 27, 2014). Woods's nonfinal judgment argument does not alter the Court's conclusion to adopt Judge Bowbeer's R&R.

Second, Woods's Amended Objections seek to "add a 'Claim' to the Original Petition that the Petitioner is 'Actually and Factually Innocent' of the Conviction in Case # 95-Cr-194." Amended Objections at 1. This is procedurally improper. See Hylla v. Transp. Commc'ns Int'l Union, 536 F.3d 911, 921–22 (8th Cir. 2008) (finding that a party may not present new legal arguments or theories in an objection to an R&R when the magistrate judge has not considered such arguments in the R&R itself). However, even if the Court were to consider Woods's actual innocence argument, it too fails on the merits.

Construed liberally, Woods appears to be arguing that the Supreme Court's recent ruling in Rosemond v. United States, 134 S. Ct. 1240 (2014), renders him factually innocent of "aiding and abetting" in Count II (use of a firearm in relation to a crime of violence) of Woods II. In Rosemond, the Supreme Court resolved a circuit split over what constitutes aiding and abetting an 18 U.S.C § 924(c) offense. Rosemond, 134 S. Ct. at 1245. The Court held that a defendant could be found to aid and abet absent proof that he or she participated in each element of the offense so long as the defendant had "advance knowledge" of the other elements of the offense. Id. at 1246, 1249.

Because Woods brings this petition under § 2241, his actual factual innocence claim challenging

8

his conviction may be heard only if the savings clause of § 2255 is applicable here. It is not. The Eighth Circuit has not explicitly stated that a claim of actual innocence may be challenged under § 2241. Abdullah, 392 F.3d at 959–60. However, Courts addressing this question have found that § 2255's savings clause applies to a claim of actual innocence when "(i) [the claim] is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) [the claim] was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Here, Woods's claim cannot proceed because the holding in Rosemond does not represent a new rule of law. See Martinez v. United States, No. 3:14-CV-1359, 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014) ("[T]he Supreme Court was clear that its Rosemond holding was dictated by established precedent." (citing Rosemond, 134 S. Ct. At 1248–49)). Furthermore, the Supreme Court gave no indication in the Rosemond ruling that it has retroactive application and the Courts which have considered this question have found § 2241 petitions based on Rosemond not cognizable. See Montana v. Cross, No. 14-CV-1019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014) (collecting cases). Thus, even if Woods's actual factual innocence argument was properly before the Court, which it is not, the Court concludes that this ground for relief would also be dismissed.

**C. Summary Judgment and Default Judgment Motions**

Finally, the Court notes that, after objecting to the R&R, Woods filed two additional motions. Although captioned as a "Motion for Summary Judgment" and "Motion for Default Judgment," these motions are once again recitations of the same arguments previously raised by Woods in his 2241

Petition and Amended Objections.  As discussed above, Woods is not entitled to the relief that he seeks and, given the Court's adoption of Judge Bowbeer's R&R, such motions are denied as moot.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Oneal Woods's Objections [Docket No. 4] to Magistrate Judge Hildy Bowbeer's March 6, 2015 Report and Recommendation [Docket No. 3] are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**;

3. Woods's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody [Docket No. 1] is **DENIED**;

4. Woods's Motion for Summary Judgment [Docket No. 8] is **DENIED AS MOOT**;

5. Woods's Motion for Default Judgment [Docket No. 11] is **DENIED AS MOOT**; and

6. This action is **DISMISSED IN PART WITHOUT PREJUDICE FOR LACK OF JURISDICTION** and **DISMISSED IN PART WITH PREJUDICE ON THE MERITS**, as set forth fully in the body of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 22, 2015.