# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Oneal Woods,

                Petitioner,          **ORDER**

v.                                                 Civil No. 15-623 ADM/HB

Denese Wilson,

                Respondent.

_____

Oneal Woods, *pro se*.

Ana Voss and D. Gerald Wilhelm, Assistant United States Attorneys, United States Attorney's Office, Minneapolis, MN.

_____

      This matter is before the undersigned United States District Court Judge on Petitioner Oneal Woods's ("Woods") Motion to Reconsider [Docket No. 17] denial of his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. In the present motion to reconsider, Woods again raises arguments related to the fact that the Court in Woods I never ruled on an "Ineffective Assistance of Counsel Motion" filed on April 5, 1996. See United States v. Woods, 2:95-CR-00187-JPS-1 (E.D. Wis. Indictment filed Nov. 7, 1995). Specifically, Woods now maintains that because his 1996 motion was never ruled on, he was denied "conflict-free representation" in a critical stage of the proceedings and therefore is entitled to a new trial.[1]

---

[1] The Court addressed Woods "nonfinal judgment argument" raised in his Objection [Docket No. 5] to Magistrate Judge Bowbeer's Report and Recommendation [Docket No. 3] solely to clarify whether Woods's arguments could be properly brought in a § 2241 petition. In his Objection, Woods seemed to be arguing that due to the lack of a ruling on his "Ineffective Assistance of Counsel Motion," final judgment was never actually entered in Woods I and therefore his sentence could not be properly executed and he could properly bring a § 2241 petition. The Court concluded that this argument was meritless and did not disturb Judge Bowbeer's conclusion that Woods's double jeopardy argument could not be asserted in a § 2241 petition and his argument relating to concurrent sentencing was baseless.

The Local Rules for the District of Minnesota state that a motion to reconsider can only be filed after obtaining the Court's permission and only "upon a showing of compelling circumstances." L.R. 7.1(j). The current motion will therefore be construed as a request to file a motion for reconsideration. When evaluating such requests, the Court maintains broad discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." Id. at 414 (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)). The Court has carefully reviewed its previous Order and Woods's current request and concludes that Woods has failed to demonstrate compelling circumstances that justify reconsideration.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's request [Docket No. 17] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 10, 2015.